# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF FLORIDA

## PALM BEACH DIVISION

FILED BY ___ COS ___ D.C.

DEC 11 2025

ANGELA L. NOBLE
CLERK U.S. DIST CT
S.D. OF FLA. - W.P.B.

Case No.: _____

**PATRICIA TESTA, EUGENE TESTA, ALISON RAMPERSAD, JOYCE RUSSELL, et. al., People of Palm Beach County Florida protected by our Constitutions,**

Petitioners,

v.

**JASON A REDING QUINONES, in his official capacity as United States Attorney for the Southern District of Florida,**

Respondent.

---

**OPEN PETITION FOR WRIT OF MANDAMUS TO INFORM GRAND JURY**

## Introduction

This PETITION is posted online at **RestoreGrandJuryRights.org**, **GrandJuryOversight-PalmBeachCountyFL.org** and other community sites.

Petitioners respectfully seek a **writ of mandamus** compelling Respondent, the United States Attorney for the Southern District of Florida, to perform his **nondiscretionary ministerial duties** under **18 U.S.C. § 3332 to, "...inform the grand jury of such alleged offense, [and] the identity of such other person..."**

## Background

Before the 1946 Federal Rules of Criminal Procedure, citizens brought evidence **directly to the Grand Jury** without government gatekeeping. This safeguard was central to the Fifth Amendment's command that *"No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury."*

The 1946 rule changes inserted government as a compulsory intermediary, creating a biased prosecutorial "gatekeeper." In 1985 New York Chief Judge Sol Wachtler famously remarked that *"a grand jury would indict a ham sandwich."*

The People's right to **due process of law**, enshrined in the Fifth and Fourteenth Amendments, ensures that no State or its officers may deprive any person of life,

liberty, or property except through **lawful procedure**. Denying the People access to the Palm Beach County, state or federal Grand Jury therefore violates both Amendments by removing the very mechanism designed to check governmental abuse.

Congress reaffirmed this principle in **18 U.S.C. § 3332**, which mandates that a U.S. Attorney *"shall, if requested by such other person, inform the grand jury of such alleged offense..."* Repeatedly since 2022, Petitioners in the State of Florida have invoked this statutory right, yet officials have refused to honor it.

In **United States v. Williams,** 504 U.S. 36 (1992), Justice Scalia made clear that the Grand Jury is **not** an arm of the prosecution or judiciary, but an *independent constitutional body* whose purpose is to serve as a **protector and shield of the People** against tyranny. When officials block the People's evidence from reaching the Grand Jury, they dismantle this safeguard and leave citizens defenseless against wrongful government action.

*"Grand Jury Oversight Restores Accountability Lawfully and Peacefully"*
PeaceMaker ALDO, 2025.

**Claims**

1. Petitioners have gathered and delivered, to all relevant local, state, and federal officials, credible evidence of election violations and related offenses in Palm Beach County since 2022.

2. The Petitioners requested many meetings with relevant local, state and federal officials to discuss and develop a lawful, peaceful and mutually agreed upon resolution to restoring Grand Jury rights and oversight by the People of Palm Beach County. Invitations were unanswered.

3. The Petitioner's requested meetings with the Respondent, and his predecessor, to discuss constitutional rights denied and expectations that the officials who were informed of the Petitioner's grievances be held to account.

4. Despite statutory obligation, Respondent's refusal to present this evidence to the Grand Jury, denies Petitioners their constitutional recourse.

5. This refusal constitutes deprivation of rights under **18 U.S.C. §§ 241–242** and undermines the Fifth and Fourteenth Amendments.

## Relief Requested

- Petitioners respectfully request that this matter be assigned to a **United States District Judge**, as it raises matters of substantial constitutional importance to the People of Palm Beach County, the State of Florida, and all federal districts across the United States.

- Petitioners request an **expedited hearing** to present evidence and legal argument supporting their position that the U.S. Attorney must promptly and lawfully perform his *non-discretionary ministerial duties* in a manner in service of the People protected by our Constitutions.

- Petitioners seek an order compelling Respondent to:
  - Immediately inform a duly impaneled Grand Jury of the evidence presented by Petitioners and their identity;
  - Fulfill his **nondiscretionary ministerial duty** under § 3332 by identifying Petitioners and the offenses alleged;
  - Ensure the Grand Jury is free to communicate with Petitioners and the People, examine, investigate, and determine whether indictments or presentments are warranted;

- Respondents wish to witness the informing of our Grand Jury to ensure transparency in light of the known "ham sandwich indictment" issue(s) **United States v. Williams, 504 U.S. 36 (1992).**

**WHEREFORE**

**Petitioners PATRICIA TESTA, EUGENE TESTA, ALISON RAMPERSAD, JOYCE RUSSELL, People of Palm Beach County Florida protected by our Constitutions, respectfully request that this Court issue a Writ of Mandamus compelling Respondent, JASON A REDING QUINONES, in his official capacity as United States Attorney for the Southern District of Florida, to fulfill his nondiscretionary ministerial duties under 18 U.S.C. § 3332, the Fifth and Fourteenth Amendments, and the 1992 *Williams* decision; and grant such further relief as the Court deems just and proper.**

**Respectfully submitted,**

PATRICIA TESTA, Petitioner _[signature]_

19859 Gardenia Dr. Jupiter, FL 33469

EUGENE TESTA, Petitioner _[signature]_

19859 Gardenia Dr. Jupiter, FL 33469

ALISON RAMPERSAD, Petitioner _[signature]_

14576 Country Side Lane Delray Beach, FL 33484

JOYCE RUSSELL, Petitioner _[signature]_

4840 Misty Pines Trail, Lake Worth, FL 33463

People of Palm Beach County Florida protected by our Constitutions.

## APPENDIX

### Exhibits Index For Submission To The Grand Jury (including but not limited to)

1. U.S. Constitution – **Fifth Amendment and Fourteenth Amendment**

2. **18 U.S.C. § 3332** – Powers and Duties of Grand Juries

3. **United States v. Williams, 504 U.S. 36 (1992)** – Supreme Court Opinion

4. **Rule 25 Federal Rules of Civil Procedure**

5. Affidavits of Petitioners and other citizens documenting evidence collected

6. Copies of Public Notices sent by email and certified mail to Respondent and other officials (May–July 2025)

7. Complaints filed with the Florida Office of Election Crimes and Security

8. Timeline of communications with federal, state, and local officials

9. Emails and correspondence demonstrating refusal to act

10. Relevant Florida Statutes – **Chapter 48, Section 111** (2022 Florida Senate)

11. Additional documentary evidence submitted by Petitioners

## WITNESS LIST (including but not limited to)

- **Patricia Testa** – data and incident collection, affidavits, complaints filed
- **Eugene Testa** – witness to election activities
- **Alison Rampersad** – data collector
- **Shari Perryman** – data collector
- **Joyce Russell** – data collector
- **Deb Monks** – compiled statistics and testimonials from citizens statewide
- **Mikki Isackson** – data collector blocked from presenting evidence to the Court
- **Erin Aktas** – original and ongoing data collector, affidavits
- **Jeff Boungiorno** – data collector, complaints filed, affidavits
- **Diane Warner** – data collector, complaints filed
- **Jenine Milum** – voter role data
- **KJ Meckert** – data collection and analysis
- **Todd Buffington** – voter role analysis
- **Mary Kelley** – witness to election activities
- **PeaceMaker ALDO** – the People's Grand Jury Movement, GrandJuryOversight.org
- Other witnesses and experts to be identified as necessary

## VERIFICATION

I, **Patricia Testa**, HEREBY DECLARE under penalty of perjury under the laws of the United States and the State of Florida that the foregoing is true and correct to the best of my knowledge, information, and belief. and that I have retained a true and correct copy of this notice and all proof of service.

Executed on December 11, 2025, at Palm Beach County, Florida.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 11, 2025, a true and correct copy of the foregoing Open Petition for Mandamus to inform the Grand Jury

- will be Process Served by ABC Legal Services to;

1. The office of the U.S. Attorney for the Southern District of Florida attention Mr. Jason A. Reding Quinones at SDFL 99 NE 4th St., Miami, FL 33132.

- and Priority Mailed to;

2. The U.S. Attorney General Ms. Pamela Bondi, Department of Justice 950 Pennsylvania Avenue NW, Washington, D.C. 20530.

This 11th day of December, 2025.

Signed: _____

Patricia M. Testa
19859 Gardenia Dr.
Jupiter, FL 33469
330-719-2438
pmtesta34@gmail.com